**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4019

MARIA TERESA
NICARAGUA-RODRIGUEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-97-316)

Submitted: September 8, 1998

Decided: October 22, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul P. Vangellow, BABIRAK, ALBERT & VANGELLOW, P.C.,
Falls Church, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, David J. Goldstone, Special Assistant United States Attor-
ney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Maria Teresa Nicaragua-Rodriguez appeals her conviction after a jury trial for unlawfully procuring naturalization as a United States citizen, in violation of 18 U.S.C.A. § 1425 (West 1994 & Supp. 1998). Finding no error, we affirm.

Nicaragua-Rodriguez submitted a written application for natural-ization as a United States citizen in August 1994. Approximately one month later, she was arrested, taken into custody, and released on bond for a Virginia state charge of malicious wounding with intent to maim. Two months later, Nicaragua-Rodriguez had an interview with an Immigration and Naturalization Service (INS) examiner. She attested to the facts in her application and represented orally and by written statement that she had never been arrested. At a Naturalization Ceremony, Nicaragua-Rodriguez completed an INS Form N-445. In that form she represented that since her last interview she had not been charged with or indicted for any offense. Based upon the infor-mation represented in the form, the INS permitted Nicaragua-Rodriguez to participate in the ceremony and receive a naturalization certificate. She was subsequently charged with the instant offense. After the jury found Nicaragua-Rodriguez guilty, the district court sentenced her to a two-year term of probation.

First, Nicaragua-Rodriguez argues that the district court erred by failing to admit evidence regarding the circumstances of the state malicious wounding charge. Nicaragua-Rodriguez wanted to intro-duce evidence that, while she was arrested for shooting her boyfriend, she did so only after learning that he had twice impregnated her minor daughter and caused her to have an abortion.

This court reviews decisions regarding the admission or exclusion of evidence for an abuse of discretion. See United States v. ReBrook,

2

58 F.3d 961, 967 (4th Cir. 1995). To be relevant, evidence must be sufficiently related to the charged offense. See United States v. Rawle, 845 F.2d 1244, 1247 n.3 (4th Cir. 1988). "Evidence is necessary and admissible where it is an essential part of the crimes on trial . . . or where it furnishes part of the context of the crime." Id. at 1247 n.4 (internal citation and quotation omitted). Evidence that is otherwise admissible must be excluded under Fed. R. Evid. 403 if its probative value is significantly outweighed by its prejudicial value. See United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3778, 65 U.S.L.W. 3781 (U.S. May 27, 1997) (No. 96-752).

The evidence of the circumstances surrounding the malicious wounding offense was not relevant to the charged violation of 18 U.S.C.A. § 1425. The Government needed only to prove that Nicaragua-Rodriguez knowingly provided false statements concerning her concealment of a prior arrest and indictment. The only relevant information regarding the state crime is the fact that Nicaragua-Rodriguez was arrested, indicted, and charged with the crime, and that she knew of these occurrences.

On appeal, Nicaragua-Rodriguez argues that the evidence of the circumstances was necessary for understanding the context of the crime. Nicaragua-Rodriguez appears to mean the context of the state crime. Nicaragua-Rodriguez did not attempt to present a defense at trial that she did not know that she had been arrested or indicted. The district court noted that her circumstances may have had some relevance in that situation and gave Nicaragua-Rodriguez the opportunity to present evidence that she did not understand her own circumstances. The Government was not required to prove that Nicaragua-Rodriguez was legally arrested or that the shooting she was arrested and indicted for was unjustified. The Government needed only to prove the fact that Nicaragua-Rodriguez knowingly concealed the arrest and indictment. Accordingly, we find that the district court did not abuse its discretion in refusing to admit the evidence.

Next, Nicaragua-Rodriguez argues that the district court erred in denying her Fed. R. Crim. P. 29 motion because there was insufficient evidence of her intent to knowingly procure, contrary to the law, her naturalization as a United States citizen. Nicaragua-Rodriguez argues

3

that her Rule 29 motion should have been granted because 18 U.S.C.A. § 1425 is a specific intent crime and the evidence does not support a finding of specific intent.

This court will review the denial of Rule 29 motions to determine whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt. See United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982); see also United States v. Stockton, 788 F.2d 210, 218 (4th Cir. 1986). In determining the issue of substantial evidence, this court neither weighs the evidence nor considers the credibility of witnesses. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

When arguing the motion during trial, Nicaragua-Rodriguez asserted that 18 U.S.C.A. § 1425 is a specific intent crime and the evidence did not show that she concealed her state crime with a fraudulent intent to procure naturalization.* The district court rejected the argument and stated that the only mens rea requirement is that the false statement is knowingly made, and not made because of mistake or accident or other innocent reason.

The statute provides for punishment for "[w]hoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship." 18 U.S.C.A. § 1425. The plain language of the statute does not require an intent to defraud.

Nicaragua-Rodriguez argues that because she did not have a good understanding of the English language, coupled with alleged ignorance of Government witnesses regarding terms in the application process, the Government did not sufficiently prove intent. During the application for naturalization process, Nicaragua-Rodriguez was repeatedly asked whether she understood English and whether she understood the questions she was answering in her application and during an interview with INS officials. In addition, Nicaragua-

_____

*Nicaragua-Rodriguez did not object to the jury charge requiring only that the Defendant must have acted knowingly in making the false statement. She does not challenge the jury instruction on appeal.

4

Rodriguez did not assert a defense stating that she did not understand the application questions.

The evidence presented by the Government demonstrated that Nicaragua-Rodriguez knew of her arrest in September 1994, and two months later stated that she understood what she was being asked when asked if she had ever been arrested. She stated under oath that she had not been arrested. The Government's evidence further demonstrated that Nicaragua-Rodriguez appeared in court for her arraignment and shortly thereafter signed an INS form certifying the veracity of her answers and stated that she had never been arrested, indicted, or otherwise cited. Because of the representations she made during the application process, Nicaragua-Rodriguez received her naturalization certificate and participated in the Naturalization Ceremony. Thus, the record as it stood at the time of the Rule 29 motion, in the light most favorable to the prosecution, established that there was sufficient evidence to find that Nicaragua-Rodriguez could be found guilty of the charge.

Finally, Nicaragua-Rodriguez argues that the district court erred in revoking her citizenship under 8 U.S.C.A. § 1451(e) (West 1970 & Supp. 1998), as a result of her conviction for violating 18 U.S.C.A. § 1425. The sole basis of her argument is that the revocation was improper because the conviction itself was not proper. Nicaragua-Rodriguez argues that because she recounted facts adduced at trial and introduced facts regarding the circumstances of her state charge, she raised a reasonable doubt as to her intent to willfully misrepresent information during the naturalization process. Because we find her conviction to be valid, this claim must fail. The district court entering the criminal judgment convicting a person for a violation of 18 U.S.C.A. § 1425 "shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled." 8 U.S.C.A. § 1451(e). See also United States v. Moses, 94 F.3d 182, 188 (5th Cir. 1996) (holding that the language of 8 U.S.C. § 1451(e) is mandatory).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

5

materials before the court and argument would not aid the decisional process.

AFFIRMED